UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| ) | 4:21-CV-326 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On February 11, 2009, movant pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. *See United States v. Williams*, Case No. 4:08-CR-612-JAR-3 (E.D. Mo.). On May 20, 2009, the Court sentenced movant to 240 months' imprisonment, followed by ten years of supervised relief. Movant did not appeal.

On June 7, 2016, movant filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On August 1, 2016, the motion was denied for ineligibility because he was originally sentenced to a statutory minimum term of imprisonment. On January 6, 2020, movant filed for a reduction of sentence pursuant to the First Step Act of 2018. On January 24, 2020, the Court denied the motion finding he was ineligible for relief under any provision of the First Step Act. On January 31, 2020, movant filed a motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i). On November 13, 2020, the Court denied the motion for failure to present extraordinary and compelling reasons to justify release.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct

Case: 4:21-cv-00326-JAR   Doc. #: 2   Filed: 03/24/21   Page: 3 of 3 PageID #: 16

appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on May 20, 2009. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on June 3, 2010. The instant motion was signed by and placed in the prison mail system by movant on March 9, 2021. Therefore, it appears to be time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 24th day of March, 2021.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE