## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LARRY WILLIAMS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) 4:21-CV-326 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following the Court's Order to Show Cause dated March 24, 2021. ECF No. 2. In its Order, the Court ordered movant to show cause as to why the Court should not dismiss his motion to vacate, set aside, or correct sentence as time barred. Movant has not filed a response, and the time for doing so has passed. For the following reasons the Court concludes the instant action is time barred under 28 U.S.C. § 2255.

### Background

On February 11, 2009, movant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1)(A) and 846. *See United States v. Williams*, Case No. 4:08-CR-612-JAR-3 (E.D. Mo.). On May 20, 2009, the Court sentenced movant to 240 months' imprisonment, followed by ten years of supervised release. Movant did not appeal.

Movant's criminal judgment became final for purposes of calculating the time for filing a motion under § 2255 when the time for filing a direct appeal expired, or June 3, 2010. *See* 28 U.S.C. § 2255(f)(1). Movant filed his federal writ of habeas corpus by placing the current motion in the mail on March 10, 2021.

## Discussion

Pursuant to 28 U.S.C. § 2255(f), a movant has one year from the date his judgment of conviction becomes final to file a motion for writ of habeas corpus. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on May 20, 2009. *See* Fed. R. App. Proc. 4(b)(1). Thus, the one-year period of limitations expired on June 3, 2010. Movant did not file his § 2255 motion until March 10, 2021. See ECF No. 1-1 at 8.

Consequently, the Court ordered movant to show cause, within thirty days, as to why the motion should not be summarily dismissed. ECF No. 2. Movant's response was due on April 14, 2021. To date, he has neither complied with the Court's Order, nor sought additional time to do so. The Court cautioned him that his case would be dismissed if he failed to timely comply. Because movant has failed to respond to the Court's Order to Show Cause, he has failed to provide any support as to why his untimeliness should be excused.

Within his § 2255 motion, plaintiff appears to attribute his untimeliness to the fact that he "recently found out that Jarod Parker [a confidential informant] was under investigation while being used by the Gover[n]ment to set up fake crimes," "the U.S. Attorney withheld this from [his] lawyer," and "his lawyer never looked into this at all." Despite plaintiff's failure to respond to this Court's Order to Show Cause, the Court will address these unsupported arguments before dismissing for untimeliness.

2

To the extent plaintiff is attempting to excuse his late filing on the basis of ineffective assistance of counsel, such an argument fails. Equitable tolling can apply to the one-year statute of limitations for a motion to vacate under 28 U.S.C. § 2255 and excuse an untimely filing "where 'extraordinary circumstances' beyond a prisoner's control prevent timely filing." *United States v. Martin*, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations omitted). Equitable tolling should only apply where the movant has demonstrated that he has been pursuing his rights diligently. *See id.* at 1095 (citation omitted). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

First, the Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling of the statute of limitations. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Here, movant's argument that "his lawyer never looked into" any issues regarding the confidential informant is essentially one of ineffective

3

assistance of counsel, which does not serve as an appropriate ground for tolling the one-year statute of limitations.

Second, movant fails to demonstrate he pursued his rights diligently as to his "recent" discovery "that Jarod Parker was under investigation . . . to set up fake crimes." In fact, the Court's own records evidence the lack of movant's diligence.[1] On May 15, 2010, movant's co-defendant Darrell Phillips filed his own motion to vacate, set aside, or correct sentence pursuant to § 2255. *See Phillips v. U.S.*, Case No. 4:10-cv-103-CEJ (E.D. Mo.). Mr. Phillips, similar to movant here, alleged that the prosecutor inappropriately withheld information about the confidential informant's criminal activity. *See id.* at Doc. 19. In making such an argument, Mr. Phillips cited to publicly available court records involving criminal charges against the confidential informant. *Id.*

Based on this Court's own records and movant's failure to argue that the government made it impossible or difficult for him or his attorney to uncover the information about the confidential informant, which he claims he recently discovered, movant has failed to give an equitable reason for why his untimeliness should be excused. The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling can apply "when some fault on the part of a [government] has caused a [movant] to be late in filing, or when other circumstances, external to the [movant] and not attributable to his actions, are responsible for the delay." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The movant in this case simply has not made such a showing.

---

[1] This Court may take judicial notice of its own records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"); *Hood v. United States*, 152 F.2d 431, 435 (8th Cir. 1946) (stating that federal district court may take judicial notice of proceedings from another federal district court); *MacMillan Bloedel, Ltd. v. Flintkote Co.*, 760 F.2d 580, 587–88 (5th Cir. 1985) (A court may take judicial notice of records of related proceedings before the same court).

4

For the above stated reasons, this Court must dismiss movant's § 2255 motion for both untimeliness and failure to respond to this Court's Order to Show Cause. Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **DENIED AND DISMISSED** as time barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this  $\underline{12^{th}}$  day of May, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

5